# United States Court of Appeals for the Tenth Circuit
## OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV - 3 2005

November 2, 2005

GREGORY C. LANGHAM
CLERK

Mr. Stanley Brown-Bey
Sterling Correctional Facility
#110365
P.O. Box 6000
Sterling, CO 80751

Mr. John W. Suthers
Attorney General
State of Colorado
Department of Law
1525 Sherman Street, 5th Floor
Denver, CO 80203

    Re:    05-1452, In re: Brown-Bey
           Dist/Ag docket: 91-M-549

Dear Petitioner and Counsel:

    Enclosed is a copy of an order entered today in this case.

    Please contact this office if you have questions.

Sincerely,

Clerk, Court of Appeals

By:
    Deputy Clerk

clk:klp

cc: Gregory C. Langham, Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re: STANLEY BROWN-BEY,

Petitioner.

No. 05-1452

ORDER
Filed November 2, 2005

Before **KELLY, HENRY,** and **BRISCOE,** Circuit Judges.

This is an original proceeding in the nature of mandamus. Petitioner Stanley Brown-Bey requests that this court order the Colorado Court of Appeals to rule consistently with an order of the United States District Court for the District of Colorado regarding the Interstate Agreement on Detainers (IAD).

### *Background*

In 1989-1990, Mr. Brown-Bey was subjected to proceedings under the IAD. He was in federal custody, and Colorado sought to try him on aggravated robbery charges. On February 26, 1991, a Colorado state district court held that the Colorado authorities did not prosecute Mr. Brown-Bey timely under the IAD, and that the case should be dismissed. The state appealed.

While the appeal was pending in the Colorado Court of Appeals, Mr. Brown-Bey filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the federal district court. On June 11, 1991, the magistrate judge recommended that the writ be granted and that Colorado be ordered to release Mr. Brown-Bey back into federal control, as no charges were then pending against him in Colorado. On July 22, 1991, the district court accepted the recommendation and granted the writ. Mr. Brown-Bey was returned to federal custody.

On October 22, 1992, the Colorado Court of Appeals ruled that Mr. Brown-Bey had waived the "anti-shuttling" provisions of the IAD by filing his § 2241 petition. *People v. Brown*, 854 P.2d 1332, 1335 (Colo. Ct. App. 1992). It further held that the trial court erred in finding violations of the IAD. *Id.* at 1337. It directed that the charges against Mr. Brown-Bey be reinstated and remanded the case for further proceedings. *Id.* Colorado lodged another detainer against Mr. Brown-Bey.

Mr. Brown-Bey filed another § 2241 petition. On October 14, 1994, the federal district court issued an order directing the Colorado attorney general to show cause why the court should not enter a permanent injunction that would remove the detainer. In that order, the court stated that, while a waiver of the "anti-shuttling" provision was possible, it did not believe that a waiver had

occurred in Mr. Brown-Bey's case. But after hearing from the attorney general, the district court eventually determined that Mr. Brown-Bey had waived the protection of the IAD, denied the writ, and dismissed the case with prejudice. Mr. Brown-Bey did not appeal.

After Mr. Brown-Bey was returned to Colorado's custody, he was convicted of the reinstated aggravated robbery charge and sentenced, as a habitual criminal, to life imprisonment. His conviction was affirmed by the Colorado Court of Appeals, and the Colorado Supreme Court denied certiorari. He is currently incarcerated in the Colorado penal system.

In 1999, Mr. Brown-Bey filed a habeas petition under 28 U.S.C. § 2254. The federal district court transferred the petition to this court to determine whether Mr. Brown-Bey would be allowed to file a second or successive habeas petition. We ruled that Mr. Brown-Bey's second, third, and fourth claims were not successive and could proceed. *Brown-Bey v. Colorado*, No. 99-1366, at 2 (10th Cir. Nov. 17, 1999) (unpublished). We also specifically ruled, however, that "the argument regarding the IAD was the basis of Mr. Brown-Bey's previous § 2241 petitions and may not be raised again" because it did not meet the provisions of 28 U.S.C. § 2244(b)(2). *Id.* at 3. The district court ultimately dismissed the petition as a mixed petition (a petition setting forth exhausted and unexhausted claims), and we denied his request for a certificate of appealability

and dismissed the appeal. *Brown-Bey v. Colorado*, 1 Fed. Appx. 774, 775-76 (10th Cir. Jan. 4, 2001) (unpublished).

In 2001, Mr. Brown-Bey filed another § 2254 petition, again arguing that Colorado had not complied with the time limitations of the IAD. The district court denied the petition as a second or successive habeas petition brought without permission. This court vacated the denial on the grounds that the district court did not have jurisdiction to rule on the merits of a second or successive habeas petition brought without permission. *Brown-Bey v. Ray*, 55 Fed. Appx. 508, 508-09 (10th Cir. Jan. 27, 2003) (unpublished). We construed Mr. Brown-Bey's request for a certificate of appealability as a filing in the nature of a petition for rehearing of our previous refusal to grant permission to file a second or successive habeas petition "relating to Colorado's alleged violation of the Interstate Agreement on Detainers." *Id.* at 509. Because petitions for rehearing are prohibited for denials of permission to bring second or successive habeas petitions, we ordered Mr. Brown-Bey's materials stricken. *See id.*

Mr. Brown-Bey was undaunted. On March 27, 2003, he filed a "Motion to Enforce Judgement" requesting that the district court's 1991 judgment returning him to federal custody be enforced. The district court held that the 1991 order did not apply to the subsequent reinstatement of charges and the second detainer and ordered the motion stricken from the record. Agreeing with the district court

that the 1991 order did not affect the subsequent proceedings, this court denied Mr. Brown-Bey's request for a certificate of appealability and dismissed the appeal. *Brown-Bey v. Early*, No. 03-1308, at 1 (10th Cir. Nov. 13, 2003) (unpublished).

On May 27, 2004, Mr. Brown-Bey filed yet another § 2254 petition in the district court alleging that Colorado violated the IAD and that his attorney was ineffective for raising the IAD issue. The district court transferred the petition to this court for a determination whether Mr. Brown-Bey could file a successive habeas petition. We construed the petition as another attempt to seek rehearing of our decision not to allow Mr. Brown-Bey to file a successive petition raising the IAD arguments, again denied authorization, and ordered his documents stricken. *Brown-Bey v. Golder*, No. 04-1269, at 2 (10th Cir. Aug. 31, 2004) (unpublished). In addition, we warned Mr. Brown-Bey that any further attempts "to obtain review of Colorado's actions in obtaining custody of him may result in the imposition of sanctions." *Id.*

### *Analysis*

Mr. Brown-Bey now requests, via a petition for a writ of mandamus, that this court order the state appellate court to comply with the federal district court's alleged "final ruling" that he had not waived the "anti-shuttling" provisions of the

IAD.[1] But federal courts have no jurisdiction to issue a writ of mandamus to a state judge or a state court. *See White v. Ward*, 145 F.3d 1139, 1140 (10th Cir. 1998) (per curiam); *Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992).

This court construes pro se mandamus filings broadly and may recharacterize them if appropriate. *See Olson*, 965 F.2d at 942. As discussed above, however, Mr. Brown-Bey has had more than ample opportunity to have his IAD arguments heard. Accordingly, we decline to recharacterize his petition, which we conclude is frivolous. We therefore dismiss the petition and deny petitioner's requests for in forma pauperis status and for appointment of counsel.

### *Order to Show Cause*

"The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994) (en banc) (per curiam) (quotation omitted). Federal courts have

---

[1] It is unclear whether Mr. Brown-Bey seeks enforcement of the judgment in his first § 2241 proceeding, Case No. 91-M-549, or of the district court's statement regarding waiver in its October 14, 1994, order in the second § 2241 proceeding, Case No. 93-M-2234. We note that, as we discussed in Appeal No. 03-1308, the judgment in Case No. 91-M-549 had no effect on the subsequent Colorado proceedings against Mr. Brown-Bey. Further, the district court's October 14, 1994, order was an interim order, and in its final judgment in Case No. 93-M-2234, the district court determined that Mr. Brown-Bey *had* waived the provisions of the IAD. In any event, it is not necessary for us to clarify this uncertainty, in light of our inability to grant the requested relief.

the inherent power to impose carefully tailored restrictions on abusive litigants under appropriate circumstances. *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (per curiam). Injunctions restricting further filing are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *See id.* at 353-54.

As described above, Mr. Brown-Bey has raised his IAD challenges to his Colorado aggravated robbery conviction and habitual offender sentence on numerous occasions. His filings have become abusive of the federal judicial system. Last year in Appeal No. 04-1269, we warned Mr. Brown-Bey that further attempts to challenge his Colorado conviction may subject him to sanctions. Accordingly, we hereby order Mr. Brown-Bey to show cause in writing why this court should not impose reasonable filing restrictions upon him. If the written objections are overruled, Mr. Brown-Bey will be ENJOINED from filing in this court any document arguing that his Colorado conviction for aggravated robbery and/or imprisonment as a habitual criminal is invalid or unconstitutional because of the Interstate Agreement on Detainers unless (1) he is represented by a licensed attorney admitted to practice in this court, or (2) he first obtains permission to

proceed pro se. To obtain permission to proceed pro se, Mr. Brown-Bey must take the following steps:

1. File a petition with the clerk of this court requesting leave to file a pro se action concerning the Interstate Agreement on Detainers and listing each and every action in which Mr. Brown-Bey has raised or sought to raise an argument about the Interstate Agreement on Detainers; and

2. File with the clerk a notarized affidavit or a statement made under penalty of perjury that recites the reasons why the court should allow him to present the issue despite his previous filings, including a short discussion of the legal basis asserted therefor. The affidavit or statement under penalty of perjury also must certify, to the best of Mr. Brown-Bey's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the appeal or other proceeding is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that he will comply with all appellate and local rules of this court.

These documents shall be submitted to the clerk of the court, who shall forward them to the chief judge of this court. The chief judge or her designee shall review the documents to determine whether to permit the pro se appeal or other proceeding. Without the approval of the chief judge or her designee, the matter will be dismissed, and Mr. Brown-Bey may be subjected to further sanctions. If the chief judge or her designee approves the submission, an order will be entered indicating that the matter shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

Mr. Brown-Bey shall have fifteen days from the date of this order to file written objections, limited to fifteen pages, to these proposed sanctions. If he does not file objections, the sanctions shall take effect twenty days from the date of this order. The filing restrictions shall apply to any matter filed after that time. If Mr. Brown-Bey does file timely objections, these sanctions shall not take effect until after this court has ruled on those objections.

### *Conclusion*

Mr. Brown-Bey's petition for a writ of mandamus is DISMISSED as frivolous. His requests for in forma pauperis status and for appointment of

counsel are DENIED. Mr. Brown-Bey is ORDERED TO SHOW CAUSE why he should not be subjected to filing restrictions as described above.

Entered for the Court<br>
CLERK, COURT OF APPEALS<br>
By: *Karen Phillips*<br>
Deputy Clerk